# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| PRERNA JAIN,<br>4933 Lee Farm Court,<br>Ellicott City, MD 21043,<br><br>and<br><br>R. J., a minor,<br>4933 Lee Farm Court,<br>Ellicott City, MD 21043,<br><br>and<br><br>JOSE ERNESTO AGUIRRE,<br>6319 Leafy Screen,<br>Columbia, MD 21045,<br><br>and<br><br>ISMAEL DA SILVA,<br>29 Leatherwood Place, Unit F,<br>Baltimore, MD 21237,<br><br>and<br><br>DENICE MICSHELL PEOPLES,<br>2893 Hadley Drive,<br>Waldorf, MD 20601,<br><br>and<br><br>TAREK ADEL BAYIOUMY<br>ABDELFATTAH,<br>1406 Angelsea Street, Apt. T-4,<br>Baltimore, MD 21224,<br><br>and<br><br>NIKOLA TRAJKOVIC,<br>1412 Macfree Court,<br>Odenton, MD 21113,<br><br>Plaintiffs,<br><br>v. | COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF, FOR WRIT OF MANDAMUS, AND FOR A HEARING ON A NATURALIZATION APPLICATION<br><br>CIVIL ACTION NO. _____<br><br>ALIEN NOS.:  A204-866-014; A208-533-123; A095-062-802; A214-861-122; A207-237-745; A209-180-370; A131-293-791<br><br>AGENCY CASE NUMBERS: EAC-14-049-50807; EAC-16-049-50908; EAC-18-107-50668; MSC-16-910-58147; MSC-18-909-73510; WAC-18-903-18295; EAC-17-012-00002; NBC*008126200; WAC-19-065-50779<br><br>REQUEST FOR ORAL ARGUMENT |

**KIRSTJEN M. NIELSEN, Secretary,**
**U.S. Department of Homeland**
**Security, in her official capacity as**
**well as her successors and assigns,**
**c/o Office of the General Counsel,**
**245 Murray Lane, S.W.,**
**Building 410,**
**Washington, DC  20528,**

   **and**

**WILLIAM BARR, Attorney General of**
**the United States, in his official**
**capacity as well as his successors**
**and assigns,**
**U.S. Department of Justice,**
**950 Pennsylvania Avenue, N.W.,**
**Washington, DC 20530,**

   **and**

**CHRISTOPHER A. WRAY, Director,**
**Federal Bureau of Investigation,**
**in his official capacity, as well as his**
**successors and assigns,**
**J. Edgar Hoover Building,**
**935 Pennsylvania Avenue N.W.,**
**Washington, DC 20535,**

   **and**

**L. FRANCIS CISSNA,  Director, U.S.**
**Department of Homeland Security,**
**U.S. Citizenship and Immigration**
**Services, in his official capacity, as**
**well as his successors and assigns,**
**20 Massachusetts Avenue, N.W.,**
**Washington, DC 20529,**

   **and**

**DONALD NEUFELD, Associate**
**Director, Service Center Operations,**
**U.S. Citizenship and Immigration**
**Services, in his official capacity, as**
**well as his successors and assigns,**
**20 Massachusetts Avenue, N.W.,**
**Washington, DC**

   **and**

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

**ROBERT COWAN, Center Director,** )
**National Benefits Center, U.S.** )
**Citizenship and Immigration** )
**Services, in his official capacity, as** )
**well as his successors and assigns,** )
**850 N.W. Chipman Road, #500,** )
**Lee's Summit, MO 64063,** )
)
      **and** )
)
**CONRAD ZARAGOZA, Field Office** )
**Director, Baltimore Field Office, U.S.** )
**Department of Homeland Security,** )
**U.S. Citizenship and Immigration** )
**Services, in his official capacity as** )
**well as his successors and assigns,** )
**3701 Koppers Street,** )
**Baltimore, MD 21227,** )
)
      **and** )
)
**GREG L. COLLETT, District Director,** )
**Baltimore District Office, U.S.** )
**Department of Homeland Security,** )
**U.S. Citizenship and Immigration** )
**Services, in his official capacity as** )
**well as his successors and assigns,** )
**3701 Koppers Street,** )
**Baltimore, MD 21227,** )
)
      **and** )
)
**LAURA B. ZUCHOWSKI,** )
**Director, Vermont Service Center,** )
**U.S. Department of Homeland** )
**Security, U.S. Citizenship and** )
**Immigration Services, in her official** )
**capacity as well as her successors** )
**and assigns,** )
**75 Lower Welden Street,** )
**St. Albans, VT 05479,** )
)
      **and** )
)
**GREGORY A. RICHARDSON,** )
**Director, Texas Service Center, U.S.** )
**Department of Homeland Security,** )
**U.S. Citizenship and Immigration** )
**Services, in his official capacity as** )
**well as his successors and assigns,** )
**4141 N. St. Augustine,** )

3

**Dallas, TX, 75227,**                                 )
                                                       )
       **and**     )
                                                       )
**KATHY A. BARAN, Director,**                          )
**California Service Center, U.S.**                    )
**Department of Homeland Security,**                   )
**U.S. Citizenship and Immigration**                  )
**Services, in her official capacity as**             )
**well as her successors and assigns,**               )
**24000 Avila Road,**                                 )
**Laguna Niguel, CA 92677**                           )
                                                       )
      **Defendants.**   )


## COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF, FOR WRIT OF MANDAMUS, AND FOR A HEARING ON A DELAYED NATURALIZATION APPLICATION

Plaintiffs Prerna Jain, R. J., Jose E. Aguirre, Ismael Da Silva, Denise Peoples, Tarek A.B. Abdelfattah, and Nikola Trajkovic, through their undersigned counsel, allege as follows:

### I.  INTRODUCTION

1.    This civil action seeks to compel unreasonably delayed government action on the adjudication of the following pending matters with Defendant U.S. Citizenship and Immigration Services ("USCIS"):

    a.   Prerna and R.J. – Delayed I-485 applications for a mother and son, based on an I-360 petition that Defendant USCIS approved under the Violence Against Women Act (VAWA) and a delayed I-765 application, which prevents Plaintiff P. Jain from working in the U.S.;

    b.   Jose Ernesto Aguirre – Delayed I-485 application for the husband of a U.S. citizen;

    c.   Ismael Da Silva – Delayed I-485 application for the husband of a U.S. citizen;

    d.   Denise Peoples – Delayed I-129F petition for a fiancé of a U.S. citizen;

    e.   Tarek A. B. Abdelfattah – Delayed I-751 petition and N-400 application (more than 120 days past his interview and test date); and

    f.   Nikola Trajkovic – Arbitrary and capricious denial of an I-129 H-1B petition,

amounting to an abuse of discretion.

2.      Defendants have withheld adjudication on Plaintiffs' petitions or applications, listed above, for an unreasonably amount of time, to Plaintiffs' detriment.  These petitions and applications were filed with and remain in the jurisdiction of U.S. Citizenship and Immigration Services ("USCIS").

3.      When Congress enacted the Immigration Services and Infrastructure Improvements Act of 2000, it indicated that immigration benefit Applications filed under the Immigration and Nationality Act ("INA") (which include I-485 applications) "should be completed not later than **180 days** after the initial filing of the application…."  8 U.S.C. §1571(b).

4.      The Administrative Procedure Act ("APA") requires that administrative agencies conclude matters presented to them "within a reasonable time."  5 U.S.C. §555(b).

5.      Defendant USCIS violated the APA when it arbitrarily and capriciously denied Plaintiff Nikola Trajkovic's employer's I-129 H-1B petition.  Plaintiff Trajkovic brings this action pursuant to Section 10b of the APA, seeking to hold unlawful and set aside the March 5, 2019 decision of USCIS's Director of the California Service Center ("CSC") denying the H-1B filed by his employer.  The H-1B petition was denied on the sole ground that the position offered did not qualify as an H-1B specialty occupation.  The denial is not supported by substantial evidence in the record, is contrary to established legal precedents, and is arbitrary, capricious, and an abuse of discretion.

6.      This action seeks injunctive and mandamus relief to compel USCIS to adjudicate Plaintiffs' delayed petitions and applications.  The APA provides that a person adversely affected by agency action is entitled to judicial review.  *See* 5 U.S.C. §702.  A reviewing court "shall compel agency action unlawfully withheld or unreasonably delayed."  5 U.S.C. §706(1).

7.      Plaintiffs have made inquiries with USCIS regarding the delayed adjudications described above, without success.  Plaintiffs have not been advised of any specific problems, issues, or questions about their filings.  Instead, Plaintiffs have simply been told that their petitions

and applications are being subjected to further review and that they have to wait, indefinitely, with no end in sight.

8.      As a result, Plaintiffs suffer the hardships of unreasonably and unlawfully delayed adjudications, or an arbitrarily and capriciously denied petition, as detailed further herein.

9.      This action also seeks to compel the Federal Bureau of Investigation ("FBI") to complete Plaintiffs' National Name Check Program ("NNCP") clearances, which may be contributing to the unreasonably delayed adjudication of these petitions and applications.

10.     Plaintiffs seek an order from this Honorable Court directing Defendants to complete all necessary steps and adjudicate the subject petitions and applications within fourteen (14) days of an Order of this Court.

11.     Plaintiff Trajkovic seeks an order from this Honorable Court holding unlawful and setting aside Defendant USCIS's decision denying the I-129 petition filed on his behalf and order Defendants to approve said I-129 petition within fourteen (14) days of an Order of this Court.

12.     Plaintiffs are entitled to attorneys' fees and costs pursuant to the Equal Access to Justice Act ("EAJA"), 5 U.S.C. §504 and 28 U.S.C. §2412(d), *et seq*.

## II.  JURISDICTION

13.     This Honorable Court has subject matter jurisdiction over the claims alleged in this action under: (1) 28 U.S.C. §1331 (federal question jurisdiction), because Plaintiffs' claims arise under the laws of the United States, including 5 U.S.C. §§555 and 701, *et seq*. (APA), 8 U.S.C. §1101 *et seq*. (INA) (including 8 U.S.C. §§1151, 1154 and 1255), and 8 U.S.C. §1571 (Immigration Services and Infrastructure Improvements Act of 2000); and (2) 28 U.S.C. §1361 (Mandamus Act).   This court may grant relief in this action under 5 U.S.C. §§553, *et seq*. and §§701 *et seq*. (APA); 28 U.S.C. §§1361, *et seq*. (Mandamus Act), 28 U.S.C. §§651, *et seq*. (All Writs Act), 28 U.S.C. §§2201, *et seq*. (Declaratory Judgment Act), and 8 U.S.C. §1447(b) (Hearings on delays in applications for naturalization).

14.     Plaintiff Trajkovic is entitled to seek judicial review of the denial of his employer's visa petition without any further administrative appeal.   *See EG Enterprises, Inc. v. Dept. of Homeland Security*, 467 F.Supp. 2d 728, 733 (E.D. Mich. 2006) (USCIS concurred that plaintiff was not required to appeal an H-1B denial to the Administrative Appeals Office (AAO) prior to seeking judicial review in federal court); and *Young v. Reno*, 114 F.3d 879 (9th Cir. 1997).

### III.  STANDING

15.     Plaintiffs have standing to bring this action as the petitioners, applicants, or beneficiaries of the petition or application for U.S. immigration benefits. Plaintiff Trajkovic has a legally protected interest in the outcome of his employer's H-1B petition, as the beneficiary of that H-1B petition.

### IV.  VENUE

16.     Venue is properly with this Court, pursuant to 28 U.S.C. §1391(e)(1) and 5 U.S.C. §703, because:

a.  Defendant Greg Collett is an officer of the USCIS and is the District Director for the USCIS Baltimore District Office and he performs a significant amount of his official duties in Maryland and resides, for purposes of venue, within Maryland;

b.  Defendant Conrad Zaragoza is an officer of the USCIS and is the Field Office Director for the USCIS Baltimore Field Office and he performs a significant amount of his official duties in Maryland and resides, for purposes of venue, within Maryland; and

c.  All Plaintiffs to this action reside in Maryland.

### V.  PARTIES

17.     Plaintiffs are as follow:

a.  Prerna Jain is an adult individual who is a national of India and resides lawfully in the United States.  She resides at 4933 Lee Farm Court, Ellicott City, MD 21043.

*See* Affidavit of Prerna Jain, dated February 27, 2019, a copy of which is attached and incorporated hereto as Exhibit A.

b.   R.J. is a minor who is a national of India and resides lawfully in the United States. He resides at 4933 Lee Farm Court, Ellicott City, MD 21043.  *See* Exhibit A.

c.   Jose Ernesto Aguirre is an adult who is a national of El Salvador and resides lawfully in the United States.  He resides at 6319 Leafy Screen, Columbia, MD 21045.  *See* Affidavit of Jose Ernesto Aguirre, dated March 5, 2019, a copy of which is attached and incorporated hereto as Exhibit B.

d.   Ismael Da Silva is an adult who is a national of Brazil and resides lawfully in the United States.  He resides at 29 Leatherwood Place, Unit F, Baltimore, MD 21237. *See* Affidavit of Ismael Da Silva, dated March 6, 2019, a copy of which is attached and incorporated hereto as Exhibit C.

e.   Denice Peoples is an adult individual who is a U.S. citizen and who has sponsored her fiancé for a K-1 fiancé visa to allow him to come to the U.S. for their wedding and his expected adjustment of status from K-1 to a lawful permanent resident. Plaintiff Peoples resides at 2893 Hadley Drive, Waldorf, MD 20601.  *See* Affidavit of Denice Peoples, dated March 6, 2019, a copy of which is attached and incorporated hereto as Exhibit D.

f.   Tarek A. B. Abdelfattah is an adult individual who is a conditional U.S. lawful permanent resident and who has applied to have the conditions on his permanent residency removed and for his naturalization.  He resides at 1406 Angelsea Street, Apartment T-4, Baltimore, MD 21224.  *See* Affidavit of Tarek Adel Bayioumy Adbelfattah, dated March 4, 2019, a copy of which is attached and incorporated hereto as Exhibit E.

g.   Nikola Trajkovic is an adult individual who is present in the U.S. in F-1 status and who has been pursuing Optional Practical Training with the University of Maryland

Baltimore County ("UMBC"), and UMBC has sponsored him for a H-1B status through the filing of an I-129 petition.  This petition was unlawfully denied on March 5, 2019.  Mr. Trajkovic resides at 1412 Macfree Court, Odenton, MD 2113.  *See* Decision, dated March 5, 2019, a copy of which is attached and incorporated hereto as Exhibit F.

18.      Kirstjen M. Nielsen is the Secretary of the DHS and this action is brought against her in her official capacity only, as well as her successors and assigns.  She is charged with overseeing the DHS, which includes sub-agency USCIS, and with implementing the INA.  She is further authorized to delegate certain powers and authority to subordinate employees of the USCIS, which is an agency within the DHS.  DHS is headquartered at 245 Murray Lane, S.W., Washington, D.C. 20598.

19.      William Barr is the Attorney General of the United States and this action is brought against him in his official capacity only, as well as his successors and assigns.  He is charged with certain functions involved in the implementation of the INA, and is further authorized to delegate such powers and authority to subordinate employees of the FBI, which is an agency within the U.S. Department of Justice.  More specifically, Mr. Barr is responsible for overseeing the timely completion of all requests made by the USCIS for security clearances, including screenings by the FBI's NNCP, which is mandated by Executive Order No. 10450.  Presently, every intending immigrant must pass an FBI NNCP screening before his or her I-485 application can be approved.  The DOJ is headquartered at 950 Pennsylvania Avenue, N.W., Washington, D.C.  20530.

20.      Christopher A. Wray is the Director of the FBI and is named herein only in his official capacity, as well as his successors and assigns, and his duties include ensuring timely completion of all requests made by the USCIS for security clearances, including NNCP screenings.  The FBI is headquartered at the J. Edgar Hoover Building, 935 Pennsylvania Avenue, N.W., Washington, D.C. 20535.

21.     L. Francis Cissna is the Director of the USCIS, who is named herein only in his official capacity, as well as his successors and assigns.  He is generally charged with the implementation of the INA, and is further authorized to delegate certain powers and authority to subordinate employees of the USCIS.  USCIS is specifically assigned the adjudication of I-485 applications, I-129F petitions, N-400 applications, and I-129 petitions.  USCIS is headquartered at 20 Massachusetts Avenue, N.W., Washington, D.C. 20529.

22.     Donald Neufeld is the Associate Director, Service Center Operations Directorate, U.S. Citizenship and Immigration Services, who is named herein only in his official capacity, as well as his successors and assigns.  USCIS is headquartered at 20 Massachusetts Avenue, N.W., Washington, D.C. 20529.

23.     Conrad Zaragoza is the Field Office Director for the Baltimore Field Office of USCIS, which is located at 3701 Koppers Street, Baltimore, MD 21227, and is named herein only in his official capacity, as well as his successors and assigns.

24.     Greg L. Collett is the District Director for the Baltimore District Office of USCIS, which is located at 3701 Koppers Street, Baltimore, MD 21227, and is named herein only in his official capacity, as well as his successors and assigns.

25.     Laura B. Zuchowski is the Director of the Vermont Service Center of the USCIS, which is located at 75 Lower Welden Street, St. Albans, VT 05479, and is named herein only in her official capacity, as well as her successors and assigns.

26.     Gregory A. Richardson is the Director of the Texas Service Center of the USCIS, which is located at 4141 N. St. Augustine, Dallas, TX 75227, and is named herein only in his official capacity, as well as his successors and assigns.

27.     Kathy A. Baran is the Director of the California Service Center of the USCIS, which is located at 24000 Avila Road, Laguna Niguel, CA 92677, and is named herein only in her official capacity, as well as her successors and assigns.

## VI.  STATEMENT OF FACTS

### A.    Overview

28.    An alien residing in the U.S. must complete a multi-step process to become a lawful permanent resident (LPR) based on a marriage to a U.S. citizen.

29.    First, a sponsoring U.S. citizen spouse files an I-130 petition with USCIS requesting approval on behalf of a named alien spouse beneficiary.  *See* INA §204(a), 8 USC §1204, 8 CFR §§204.2(a).  An approved I-130 petition is a prerequisite to the approval of the I-485 application.  *See* 8 CFR §245.2(a)(2)(i).

30.    After an I-130 petition has been filed with USCIS, the beneficiary may, if their visa priority date is current, file his or her I-485 Application to Adjust Status to that of a lawful permanent resident.  *See* 8 CFR §245.2(a)(2)(i).

31.    USCIS may approve an I-485 application after the approval of an I-130 petition and when there is a visa number available to the adjustment applicant.  *See* 8 CFR §245.2(a)(2)(A).

32.    After the I-485 application is approved, USCIS will normally issue an I-551 card ("green card") that notes that the applicant has been approved for conditional lawful permanent residence.  Individuals who are in such status must file an I-751 petition to remove conditions on residence. *See* 8 CFR §§216.1 and 216.4(a)(I).

33.    After the conditions on permanent residence are removed, and after living in the U.S. for either three or five years, green card holders may be eligible to file their N-400 application for naturalization.  *See* 8 CFR §316.2.

34.    For aliens located outside of the U.S. who want to marry a U.S. citizen during a ceremony held in the U.S., the U.S. citizen fiancée must file an I-129F petition for alien fiancé(e) with USCIS, and this petition must be approved, before the alien fiancé is permitted to apply for a K-1 fiancé(e) visa at a U.S. Embassy or Consulate abroad.  *See* INA §§101(a)(15)K) and 214(d)(1).

35.   For aliens present in the U.S. who want to work for an employer in a specialty occupation, the prospective employer must file an I-129 petition for a nonimmigrant worker.  *See* 8 CFR §214.2(h).

**B.    Case History**

36.   Plaintiff Prerna Jain filed her I-485 application for adjustment on December 9, 2013, based on being the battered spouse of a U.S. citizen.  My son, R.J., also filed his I-485 application as a derivative of her approved I-360 petition.  These I-485 applications have been pending now for more than five (5) years. *See* Exhibit A.

37.   Plaintiff Jose Ernesto Aguirre filed his I-485 application for adjustment of status on May 16, 2016, based on his marriage to a U.S. citizen.  His I-485 application has been pending now for almost three (3) years.  *See* Exhibit B.

38.   Plaintiff Ismael Da Silva filed his I-485 application for adjustment of status on April 19, 2018, and he was interviewed on his I-485 application on November 20, 2018.  No reason for the delay since November 2018 has been given. *See* Exhibit C.

39.   Plaintiff Denice Peoples filed her I-129F petition for her alien fiancé on July 6, 2018. Defendant USCIS's current processing times for I-129F petitions is listed as between 5.5 and 7.5 months.  Plaintiff People's I-129F has now been pending for more than 8 months and is beyond normal processing times.  See Exhibit D.

40.   Plaintiff Tarek A. B. Abdelfattah and his U.S. citizen spouse filed their I-751 joint petition to remove the conditions on Tarek's lawful permanent residence on October 23, 2016, and Plaintiff filed his N-400 application for naturalization on September 18, 2017.  To date, both the joint I-751 petition and the N-400 application are still pending.  *See* Exhibit E.

41.   Plaintiff Nikola Trajkovic was sponsored for an I-129 petition for nonimmigrant worker filed by the University of Maryland Baltimore County on December 7, 2018.  Defendant USCIS issued a denial of this I-129 petition on March 5, 2019.  In this denial, Defendant USCIS

ignores or discounts all of the evidence in the record that was submitted by the sponsoring employer, and makes seemingly incredible statements about the evidence, including a claim that the job advertisements submitted by the employer to show that a bachelor's degree is a normal requirement in the industry (universities that have NCAA Division I, II, or III swimming and diving teams who employ Assistant Coaches) are not "similar to your organization."  Specifically, Defendant USCIS claims that that following organizations do not "share similar characteristics" with the University of Maryland Baltimore County:

     a.  Eastern Connecticut State University;

     b.  University of Wisconsin;

     c.  Manhattan College;

     d.  Anderson University;

     e.  Concordia University;

     f.  Maine Maritime Academy; and

     g.  St. Bonaventure University.

In rejecting the employer's evidence, Defendant USCIS wrote, "When determining whether your organization and an advertising employer share similar characteristics, such factors may include information regarding the nature and type of the organization; when pertinent, the particular scope of operations; and as well as the level of revenue and staffing (to list just a few elements that may be considered).  It is not sufficient to claim that an organization is similar and in the same industry without providing a basis for such an assertion."  *See*, Exhibit F, pages 6-7.  Incredibly, Defendant USCIS does not seem to accept any of the evidence submitted as being reliable or trustworthy, even when the information has been provided to them.  For instance, the nature and type of these organizations are identical – these are U.S. institutions of higher education.  The scope of operations that matters here, whether or not the school has a swimming and diving team has also been answered – yes, they do.  The level of revenue and staffing does not seem relevant here, as it is assumed that all of these universities/academy/college are holding themselves out in their

advertisements as having the resources and staff to support a team or teams competing in NCAA intercollegiate competitions.  *See*, Exhibit F, pages 6-7.

42.    Defendant USCIS also seems to claim that the sponsored H-1B position cannot be a specialty occupation because it was certified by the U.S. Department of Labor as being a "Wage Level I" position.  For example, the U.S. Department of Labor publishes prevailing wages for many occupations, including mechanical engineers.  For mechanical engineers, a level one "entry level" position for an H-1B worker must pay at least a rate equal to $60,611, and the level four wage rate must be at least $104,229 per year (for work in the Baltimore-Columbia-Towson, MD MSA).  According to this logic, which appears to be an ultra vires interpretation of the H-1B program, mechanical engineers who are recent university graduates would not be considered as eligible to work as H-1B workers because entry-level positions cannot be professional or qualify as a specialty occupation under INA §101(a)(15)(H)(i)(b).  *See* Exhibit G, DOL Prevailing Wage Results.

43.    Plaintiffs have completed all steps required regarding their I-485 applications, I-129F fiancé petition, and N-400 application, including submitting to in-person interviews.  *See* Exhibits A through E.

44.    Congress set the period of **180 days** as the normative expectation for the government to complete the processing of immigration benefit applications (which include I-485 applications, I-129F petitions, and N-400 applications) when it enacted the Immigration Services and Infrastructure Improvements Act of 2000. Congress indicated that adjudication of such applications "should be completed not later than 180 days after the filing of the initial filing of the application…."  *See* 8 U.S.C. §1571(b).

45.    Based on information given to Plaintiffs and consistent with USCIS policy, Plaintiffs' I-485 applications, I-129F fiancé petition, and N-400 application, should be pending at one of the Defendant USCIS's offices.  *See* Exhibits A through E.

46.    Based on USCIS's own published processing times, the USCIS Baltimore Field

Office (where Plaintiff's I-485 application may be pending) is taking between 10 and 23.5 months to process I-485 applications.  Yet Defendants have not adjudicated Plaintiffs' I-485 applications. *See* USCIS Processing Time Information for the Baltimore Field Office, a copy of which is attached and incorporated hereto as Exhibit H.

**C.      USCIS and FBI Security Checks**

47.      Once any application or petition for an immigration benefit is filed, which includes I-485 applications, I-129F petitions, and N-400 applications, the FBI conducts mandatory criminal and national security background checks before an adjudication of the petition or application is completed.  These security checks include the FBI Name Check, which is part of the NNCP.  *See* Declaration of Bradley J. Brouillette, Supervisory Center Adjudications Officer at the VSC, dated April 23, 2007, at page 2, a copy of which is attached and incorporated hereto as Exhibit I.

48.      In a majority of FBI Name Checks, no "matches" or indications of derogatory information are found.  *See* Exhibit I, page 2.

49.      The FBI processes USCIS-requested NNCP checks chronologically, based on the date the request was forwarded.  Initial responses to the NNCP check are generally available within two (2) weeks.  In eighty percent (80%) of Applications, no "match" or derogatory information is found.  Of the remaining twenty percent (20%), most NNCP checks are resolved within six (6) months.  *See* Exhibit I, page 6 and USCIS Fact Sheet, dated April 25, 2006, which was referenced in and incorporated into Mr. Brouillette's Declaration, at pages 2-3.

50.      The FBI has stated, in a declaration previously submitted to a court in this district, that it has historically resolved approximately sixty-eight percent (68%) of NNCP name checks with a "no record" result within seventy-two (72) hours.  Of the remaining cases, a secondary check historically has revealed a "no record" result within an additional thirty to sixty (30 - 60) days for twenty-two percent (22%) of all cases.  Of the remaining ten percent (10%) of cases, less than one percent (1%) of USCIS cases are identified with a file containing *possible* derogatory information.  *See* Declaration of Michael A. Cannon, dated April 13, 2007, at pages 5-6, a copy

of which is attached and incorporated hereto as Exhibit J.

51.     On June 22, 2009, USCIS issued an update on the FBI Name Check Backlogs, indicating that much of the backlog has been eliminated.   The Update indicated that USCIS and the FBI had reached their goal of completing 98% of USCIS Name Check requests within 30 days, and process the remaining two within three months.  *See* USCIS Update on FBI Name Check backlogs, June 22, 2009, a copy of which is attached and incorporated hereto as Exhibit K.

**D.     Exhaustion of Administrative Remedies**

52.     Plaintiffs, individually and through counsel, have contacted Defendants on multiple occasions regarding the adjudication of these I-485 applications, I-129F petition, and N-400 application.  *See* Exhibits A through E.

53.     There are no further administrative remedies available to Plaintiffs to redress their grievances described herein.

**VII.  CLAIMS FOR RELIEF**

**Count I**

**(Violation by DHS/USCIS of 5 U.S.C. §555(b))**

54.     Plaintiffs incorporate by reference all preceding paragraphs as if fully set forth herein.

55.     Pursuant to the APA, a person adversely affected by agency action in entitled to judicial review.  *See* 5 U.S.C. §702.  Agency action includes a failure to act.  *See* 5 U.S.C. §551(13).

56.     The APA requires agencies to conclude matters presented to them "within a reasonable time."  5 U.S.C. §555(b).

57.     A court may "compel agency action unlawfully withheld or unreasonably delayed." 5 U.S.C. §706(1).

58.     Under the APA, USCIS has a mandatory, non-discretionary duty to complete the

adjudication of Plaintiffs' I-485 applications, I-129F petition, and N-400 applications, and to do so within a reasonable time.

59.     Under the INA and DHS regulations, DHS, through its sub-agency USCIS, has a mandatory, non-discretionary duty to adjudicate Plaintiffs' I-485 applications, I-129F petition, and N-400 application. *See* 8 U.S.C. §1255 (providing non-citizens the right to seek adjustment of status and assigning the Secretary of DHS the task of adjudicating such Applications), 8 C.F.R. §103.2(b)(19) (requiring a written decision on petitions and applications) and 8 C.F.R. §245.2(a)(5)(i) (requiring notification to the applicant of the decision on the I-485 application for adjustment of status and the reasons therefore).

60.     Plaintiffs challenge only the reasonableness of Defendants' delay or inaction in the adjudication of the subject applications and petition, not the grant or denial of this filing.

61.     The INA indicates that a reasonable time period for USCIS to adjudicate applications for immigration benefits (which includes I-485 applications, I-129F petitions, and N-400 applications) is within 180 days of filing. *See* 8 U.S.C. §1571(b) (it is the sense of Congress that the processing of an immigration benefit application, which includes I-485 applications, I-129F petitions, N-400 applications, should be completed not later than 180 days after the initial filing of the applications).

62.     Based on the USCIS' own published processing times, the USCIS Baltimore Field Office (where Plaintiffs' I-485 applications and N-400 application may be pending) is adjudicating I-485 applications in approximately 10 to 23.5 months, yet has not adjudicated Plaintiffs' I-485 applications or N-400 application. *See* Exhibits A through E.

63.     USCIS' delay in adjudication of Plaintiffs' I-485 applications, I-129F petition, and N-400 application, is unreasonable and in violation of the APA.

64.     Plaintiffs have exhausted their administrative remedies.

65.     USCIS' unreasonable and unlawful delay in adjudication of Plaintiffs' I-485 applications, I-129F petition, and N-400 application, has caused, and is causing, Plaintiffs ongoing

and substantial injuries.

**Count II**

**(Mandamus Action to Compel an Officer of DHS/USCIS to Perform his Duty)**

66.     Plaintiffs incorporate by reference all preceding paragraphs as if fully set forth herein.

67.     Plaintiffs assert claims for mandamus relief under 28 U.S.C. §1361 which provides the authority to compel an agency to perform a duty owed to them.

68.     USCIS has a mandatory, ministerial, non-discretionary duty to adjudicate Plaintiffs' I-485 applications, I-129F petitions, and N-400 application.  *See*, *e.g.,* 8 U.S.C. §1255 (providing non-citizens the right to seek adjustment of status and assigning the Secretary of DHS the task of adjudicating such applications), 8 C.F.R. §103.2(b)(19) (requiring a written decision on petitions and applications),   and 8 C.F.R. §245.2(a)(5)(i) (requiring notification to the applicant of the decision on the I-485 application for adjustment of status and the reasons therefore).

69.     USCIS has a mandatory, ministerial, non-discretionary duty to adjudicate Plaintiffs' I-485 applications, I-129F petition, and N-400 application, within a reasonable time.

70.     Plaintiffs challenges only the reasonableness of Defendants' delay or inaction in the adjudication of the subject petition and applications, not the grant or denial of these filings.

71.     The INA indicates that a reasonable time period for USCIS to adjudicate petitions and applications for immigration benefits such as applications for adjustment of status, petitions for alien fiancé, and application for naturalization, is within 180 days of initial filing.   *See* 8 U.S.C. §1571(b) (it is the sense of Congress that the processing of an immigration benefit application, which includes I-485 applications, I-129F petitions, and N-400 applications, should be completed not later than 180 days after the initial filing of the applications).

72.     Based on the USCIS' own published processing times, the USCIS Baltimore Field Office (where Plaintiffs' I-485 applications and N-400 application may be pending) is adjudicating

18

I-485 applications that were filed between 10 and 23.5 months ago, yet has not adjudicated Plaintiffs' I-485 applications and N-400 application.  *See* Exhibits A through E.

73.     Plaintiffs have no other adequate remedy to compel the agency to perform its duties, since they have contacted USCIS without results or indication of when adjudication of their I-485 applications, I-129F petition, and N-400 application, might be forthcoming.

74.     Plaintiffs asks the Court to compel DHS Secretary Kirstjen Nielsen, USCIS Director Francis Cissna, Field Office Director Conrad Zaragoza, District Director Greg L. Collett, Vermont Service Center Director Laura Zuchowski, Texas Service Center Gregory Richardson, and California Service Center Kathy Baran to perform their duties and adjudicate Plaintiffs' I-485 applications, I-129F petition, and N-400 application.

75.     USCIS' unreasonable and unlawful delay in adjudication of the subject I-485 applications, I-129F petition, and N-400 application, has caused, and is causing, Plaintiffs ongoing and substantial injury.


**Count III**

**(Violation by DOJ/FBI of 5 U.S.C. §555(b))**

76.     Plaintiffs incorporate by reference all preceding paragraphs as if fully set forth herein.

77.     Pursuant to the APA, a person adversely affected by agency action in entitled to judicial review.  *See* 5 U.S.C. §702.  Agency action includes a failure to act.  *See* 5 U.S.C. §551(13).

78.     The APA requires agencies to conclude matters presented to them "within a reasonable time."  5 U.S.C. §555(b).

79.     A court may "compel agency action unlawfully withheld or unreasonably delayed." 5 U.S.C. §706(1).

80.     Defendant FBI has a mandatory, non-discretionary duty to complete all USCIS-

requested NNCP name checks.  *See, e.g.,* Pub. L. 105-119, Title I, 111 Stat. 2440, 2448-49 (1997); 8 C.F.R. §335.2(b).

81.     Defendant FBI has a mandatory, non-discretionary duty to complete USCIS-requested NNCP name checks within a reasonable time.

82.     Plaintiffs' Complaint challenges only the reasonableness of Defendants' delay or inaction in the completion of the NNCP checks on the subject I-485 applications, I-129F petition, and N-400 application, not the grant or denial of these filings.

83.     Defendant FBI's unreasonable delay in completing the NNCP name checks for the subject I-485 applications, I-129F petition, and N-400 application, is preventing adjudication by USCIS.

84.     Plaintiffs have exhausted his administrative remedies.

85.     The FBI's unreasonable and unlawful delay in completion of the NNCP name checks for the subject I-485 applications, I-129F petition, and N-400 application, has caused, and is causing, Plaintiffs ongoing and substantial injuries.

### Count IV

### (Mandamus Action to Compel an Officer of DOJ/FBI to Perform his Duty)

86.     Plaintiffs incorporate by reference all preceding paragraphs as if fully set forth herein.

87.     Plaintiffs assert a claim for mandamus relief under 28 U.S.C. §1361 which provides the authority to compel an agency to perform a duty owed to them.

88.     The FBI has a mandatory, ministerial, non-discretionary duty to complete the NNCP name checks for the subject I-485 applications, I-129F petition, and N-400 application. *See, e.g.,* Pub. L. 105-119, Title I, 111 Stat. 2440, 2448-49 (1997).

89.     The FBI has a mandatory, ministerial, non-discretionary duty to complete the NNCP name checks for the subject I-485 applications, I-129F petition, and N-400 application, within a reasonable time.

90.     Plaintiffs have a clear and certain right to have the NNCP name checks for the subject I-485 applications, I-129F petition, and N-400 application completed within a reasonable period of time.

91.     Plaintiffs challenge only the reasonableness of Defendants' delay or inaction in the completion of these NNCP checks, and adjudication of the subject I-485 applications, I-129F petition, and N-400 application, not the grant or denial of these cases.

92.     The FBI has failed to complete the NNCP name checks on the subject I-485 applications, I-129F petition, and N-400 application, within a reasonable period of time.

93.     Plaintiffs have no other adequate remedy to compel the agency to perform its duties.

94.     Plaintiffs asks this Court to compel Defendants Attorney General William Barr and FBI Director Christopher A. Wray to complete the FBI National Name Check Program clearances on the subject I-485 applications, I-129F petition, and N-400 application, which are required for the USCIS to adjudicate Plaintiffs' I-485 applications, I-129F petition, and N-400 application.

95.     The FBI's unreasonable and unlawful delay in completion of these NNCP name checks has caused, and is causing, Plaintiffs ongoing and substantial injuries.

**Count V**

**(APA Violation by USCIS of 5 U.S.C. §701, *et seq.*)**

96.     Plaintiffs incorporate by reference all preceding paragraphs as if fully set forth herein.

97.     The Administrative Procedure Act ("APA") requires this Court to hold unlawful and set aside any agency action that is "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law."  5 U.S.C. §706(2)(A).

98.     The USCIS decision dated March 5, 2019 denying Plaintiff Trajkovic's employer's H-1B petition was arbitrary, capricious, an abuse of discretion, and not in accordance with law. USCIS gave little or no valid explanation for its reasoning in finding that the sponsored position

was not a "specialty occupation," and the volumes of evidence that it ignored or discounted.  *See*, Exhibit F.

99.    USCIS acted arbitrarily and capriciously in finding that the position offered to Plaintiff Trajkovic did not meet any of the four criterion found at 8 CFR §214.2(h)(4)(iii)(A).  *See* Exhibit F, pages 2-11.

100.    In its decision denying the H-1B petition, USCIS disregarded the proffered job postings because they "are not sufficient evidence of a degree requirement being common to the industry in parallel positions among similar organizations."   Exhibit F, page 7.   USCIS also disregarded a letter prepared by an expert because although he studies the proposed job duties, reviewed a number of documents submitted to him by Plaintiff Trajkovic's employer, and conducted a telephone interview of Plaintiff Trajkovic's immediate supervisor, Professor David G. Lorenzi's expert opinion "is not supported by copies or citations of research material that may have been used…" *Id.*

101.    In denying the H-1B petition, USCIS states without any evidentiary basis that, "It appears that the [Plaintiff Trajkovic] will perform the normal duties of a coach without any additional specialization or complexity that is usually associated with the attainment of a bachelor's degree or higher or its equivalent in a specific specialty."  Exhibit F, page 10.

102.    In its decision and specifically in making the statements above, USCIS has disregarded pertinent evidence in the record, failed to articulate a rational connection between the record and its decision, and it has offered explanations for its decision that run counter to the evidence.  *See Animal Legal Defense Fund, Inc. v. Perdue*, 872 F.3d 602, 611 (D.C. Cir. 2017); *AT&T Inc. v. FCC*, 886 F.3d 1236, 1246 (D.C. Cir. 2018); and *Stellar IT Solutions, Inc. v. USCIS*, Civ. No. 18-2015 (RC) (D.C.D.C. Slip Op. Nov. 19, 2018).

103.    USCIS acted arbitrarily and capriciously by failing to articulate a satisfactory explanation for the denial of this H-1B petition that rationally connected the facts to the decision as explained above.  USCIS ignored substantial evidence in the record regarding the industry

norms for this occupation and the specific job tasks that Plaintiff Trajkovic would be expected to perform.

104.    While USCIS identified the burden or standard of proof for this case as "preponderance of the evidence," it seemingly increased the burden/standard of proof for this particular H-1B petition.  Exhibit F at page 1.

105.    The burden of proof in an H-1B petition is the preponderance of the evidence, which means "more likely than not to be the case."  *Matter of Chawathe*, 25 I&N Dec. 369, 375-76 (AAO 2010).  In denying this H-1B petition, it appears that USCIS applied a much higher burden or standard of proof, such as "clear and convincing" or "beyond a reasonable doubt."

106.    Plaintiffs asks this Court to compel Defendants Attorney General William Barr and FBI Director Christopher A. Wray to complete the FBI National Name Check Program clearances on the subject I-485 applications, I-129F petition, and N-400 application, which are required for the USCIS to adjudicate Plaintiffs' I-485 applications, I-129F petition, and N-400 application.

107.    The FBI's unreasonable and unlawful delay in completion of these NNCP name checks has caused, and is causing, Plaintiffs ongoing and substantial injuries.

## Count VI

### (Injunctive Relief for Violation of the Administrative Procedure Act 5 U.S.C. §705)

108.    Plaintiffs incorporate by reference all preceding paragraphs as if fully set forth herein.

109.    Pursuant to 5 U.S.C. §705, this Court may issue all necessary and appropriate process to postpone the effective date of an agency action or to preserve the status or rights of a plaintiff pending conclusion of the review proceedings.

110.    Postponing the effectiveness of the denial of Plaintiff Trajkovic's employer's I-129 H-1B petition will not cause any harm whatsoever to the Defendants.

## VIII.  INJURIES TO PLAINTIFFS

111.     The USCIS' unreasonable delay in adjudicating the subject I-485 applications, I-120F petition, and N-400 application, is causing Plaintiffs substantial harm.  Plaintiffs' ability to travel abroad and to work are restricted during the pendency of these I-485 applications.   In addition, Plaintiff Peoples is unable to plan for her wedding until USCIS takes action on her I-129F fiancé petition.  Defendants' failure to act leaves Plaintiffs unable to plan for their future.  *See* Exhibits A through E.

112.     The USCIS' unreasonable delay is preventing Plaintiffs from obtaining their LPR status in the United States, the approval of an I-129F petition, and Plaintiff Abdelfattah's naturalization.  This status would provide Plaintiffs with some or all of the following benefits:  the right to remain lawfully in the U.S. and not be subject to deportation; the right to work in the United States, the right to pursue U.S. citizenship through naturalization, and eventually the right to vote in state and federal elections. *See* Exhibits A through E.

113.     The USCIS' arbitrary and capricious denial of Plaintiff Trajkovic's employer's H-1B petition prevents him from working for his employer beyond June 2019, from being sponsored for employment-based lawful permanent residence, and from pursuing his life and career in the U.S. Exhibit F.

WHEREFORE, Plaintiffs pray that this Honorable Court:

(1)   Declare that Defendants' delay in adjudicating Plaintiffs' I-485 applications, I-129F petition, and N-400 application (including completing the FBI name checks) is unreasonable and in violation of the APA and the INA;

(2)   Compel Defendant Secretary Kirstjen Nielsen, Defendant Director Francis Cissna, Defendant Center Directors Laura Zuchowski, Gregory Richardson, and Kathy Baran, and Defendant Directors Greg Collett and Conrad Zaragoza to perform their duty to adjudicate Plaintiffs' I-485 applications, I-129F petition, and N-400 application;

(3)   Compel Defendant Attorney General William Barr and Defendant Director Christopher Wray to complete the name, background and security checks for the subject I-485 applications, I-129F petition, and N-400 application;

(4)   Compel Defendants to complete all necessary steps and adjudicate the subject I-485 applications, I-129F petition, and N-400 within fourteen (14) days of an Order of this Court;

(5)   Assume jurisdiction over Plaintiff Abdelfattah's N-400 application and schedule him for a hearing on said N-400 application,

(6)   Hold unlawful and set aside Defendant USCIS's decision denying the subject H-1B petition filed by the University of Maryland Baltimore County ("UMBC") on behalf of Plaintiff Nikola Trajkovic;

(7)   Order Defendants to approve the subject H-1B petition within fourteen (14) days of an Order of this Court;

(8)   Grant such other relief as this Court deems proper under the circumstances;

(9)   Grant Plaintiff Trajkovic an injunction postponing the effectiveness of USCIS' decision denying the I-129 petition filed on his behalf retroactively to the date the decision was made; and

(10)  Grant attorney's fees, expenses, and costs of court to Plaintiffs, pursuant to the Equal

Access to Justice Act ("EAJA") and APA.

Respectfully submitted on this 7th day of March 2019.

/s/Brian S. Green, Esquire
U.S. District Court Bar # PA86888

Naima Said, Esquire
U.S. District Court Bar #08984

SAID & GREEN, PC
5513 Twin Knolls Road, Suite 219
Columbia, MD 21045
Tel:   (410) 992-6602
Fax:  (410) 992-0236

Attorneys for Plaintiffs